[ECF Nos. 15, 16, 20]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ANTHONY FONTANEZ,

          Plaintiff,

  v.

COMMISSIONER VICTORIA L. KUHN, et al.,

          Defendants.

Civil No. 22-3046 (RMB/MJS)

### OPINION AND ORDER

This matter comes before the Court upon the letter-motion filed by defendants A. Sorrell, C. Muessig, K. McMahon, S. Brobost[1], and N. Goswick (collectively "Defendants" or "the State") requesting a stay of proceedings [ECF No. 15] and the motions filed by pro se plaintiff Anthony Fontanez ("Plaintiff") requesting the appointment of pro bono counsel [ECF Nos. 16, 20]. The Court exercises its discretion to decide these applications without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. Having considered the submissions, and for the reasons that follow, the Court finds that a partial stay is warranted, and that pro bono counsel shall be appointed to assist Plaintiff with issues related to service and the duration of the stay.

---

[1] Plaintiff refers to this defendant as "S Brobst."

1

**Defendants' Request for a Stay of Proceedings**

Defendants advised the Court in their February 10, 2023 letter-motion requesting a stay of proceedings that state criminal charges have been filed against Plaintiff based on the same incident alleged in the underlying complaint. ECF No. 15 at 1. Specifically, Defendants noted that "Plaintiff has been charged with aggravated assault against Defendant Brobost." Id. at 2. Defendants argued that if this matter were to proceed, "discovery may be unavailable because it relates to an ongoing criminal case, or Plaintiff might assert a privilege against self-incrimination due to the charges." Id. Additionally, Defendants argued that the criminal proceeding may affect which claims Plaintiff may even be able to assert in this case. For example, "if Plaintiff is found guilty of aggravated assault, he would be unable to challenge disciplinary charges of assault as retaliatory." Id.

As an alternative to the stay, Defendants requested that the Court extend the deadline for them to respond to the complaint. Id. On February 16, 2023, the Court adjourned the time for Defendants to file a responsive pleading and ordered Defendants to submit a copy of the indictment filed against Plaintiff so that the Court could further consider the stay request. ECF No. 17. Defendants filed a copy of the indictment on February 21, 2023. ECF No. 18. On February 24, 2023, Plaintiff filed a letter

2

responding in part to Defendants' request for a stay and the Court's order.[2] ECF No. 19.

When deciding whether to stay a civil case pending resolution of a related criminal proceeding, the Court considers the following factors:

> (1) the extent to which the issues in the criminal and civil cases overlap;
>
> (2) the status of the criminal proceedings, including whether any defendants have been indicted;
>
> (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay;
>
> (4) the burden on the defendants;
>
> (5) the interests of the court; and
>
> (6) the public interest.

Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998)(citing Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)); Carlton v. Atl. Cnty. Just. Facility, Civ. No. 21-5259, 2022 WL 16922151, at *2 (D.N.J. Nov. 14, 2022).

The Court finds that the above factors support granting a partial stay. First, there is no dispute that the civil and

---

[2] Plaintiff requested in his letter that the Court "allow his Federal/State 42 USC 1983 civil rights complaint stay in this court," and that the "falsified criminal complaint in Cumberland County . . . be dismissed against him." ECF No. 19 at 7.

criminal proceedings pertain to the same underlying incident involving Plaintiff, so that factor weighs in favor of a stay.³ See Carlton, Civ. No. 21-5259, 2022 WL 16922151, at *2; see also Walker v. Cnty. of Gloucester, Civ. No. 15-7073, 2016 WL 1725942, at *2 (D.N.J. Apr. 28, 2016).

Second, the fact that Plaintiff has already been indicted⁴ "is the most important issue for determining whether to grant a stay." Dotts v. Romano, Civ. No. 17-0431, 2020 WL 1130207, at *2 (D.N.J. Mar. 9, 2020). "The strongest case for a stay of discovery

---

³ Plaintiff pleaded in his complaint that "on or about October 7, 2020," Plaintiff was cleaning an area of the South Woods State Prison when "Senior Correctional Police Officer Steven Brobst observed a wet floor sign that he claim[ed] was obstructing the doorway and order[ed] Plaintiff in a[n] unprofessional manner to remove it." ECF No. 1 ¶ 53. "Instead of SCPO Steven Brobst removing the sign, he order[ed] the Plaintiff in a[n] aggressive manner to place his hands on the wall to do [a] pat search." Id. ¶ 55. "Plaintiff compl[ied], SCPO Steve Brobst then accuse[d] Plaintiff of assault[ing] him with his shoulders." Id. ¶ 56. "SCPO Steve Brobst then use[d] excessive force by performing a leg sweep on Plaintiff not consist [sic] with his training." Id. ¶ 57. "SCPO Steve Brobst then struck Plaintiff with close[d] fist to his face, body and knees." Id. ¶ 58.

The indictment charges Plaintiff with "aggravated assault on a corrections officer – third degree" from an incident "on or about the 7th day of October, 2020" in which he "purposely did attempt to cause and/or purposely or knowingly or recklessly caused bodily injury to Sr. Corrections Officer Steven Brobst, of South Woods State Prison, while said victim was acting in the performance of his duties while in uniform[.]" ECF No. 18-1. Even Plaintiff admits in his letter to the Court that the criminal charges against him are based on the same altercation for which he filed this complaint. ECF No. 19 at 5-6.

⁴ Plaintiff's indictment was filed in Cumberland County on April 9, 2021 [ECF No. 18-1].

4

in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." Carlton, Civ. No. 21-5259, 2022 WL 16922151, at *3 (quoting Milton Pollack, Parallel Civil & Criminal Proceedings, 129 F.R.D. 201, 203 (1990)). Therefore, this factor weighs in favor of a partial stay.

The Court does not find that Plaintiff has demonstrated he would be prejudiced if the case is partially stayed. "The mere fact that additional time will pass . . . does not alone establish prejudice to the [p]laintiff; to show prejudice the plaintiff should demonstrate a unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay." Id. (quoting Tucker v. New York Police Dep't, Civ. No. 08-2156, 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010)) (alterations in original). Plaintiff has not shown that any of these injuries exist, therefore, the third factor weighs in favor of a partial stay. Additionally, because Plaintiff is the one who has been indicted, granting the stay is in his best interest because Plaintiff's "interest in preserving his Fifth Amendment right against self-incrimination overrides any argument to move forward

with the litigation." Walker, Civ. No. 15-7073, 2016 WL 1725942, at *3.

As for the fourth factor – whether the moving party would be burdened without a stay - the Court finds that Defendants, and defendant Brobost in particular, would be burdened without a stay of the proceedings. "Prosecutors and police officers, like defendants here, must of course be held accountable for alleged constitutional violations. Nevertheless, the vigorous enforcement of the criminal law would be undermined if, while prosecuting a criminal case, they are watching their backs with an eye to the defense of civil damages claims." Richardson v. New Jersey, Civ. No. 16-0135, 2016 WL 5858983, at *2 (D.N.J. Oct. 5, 2016) (noting that "courts have often stayed, or approved the stay of, section 1983 claims for damages pending the outcome of criminal proceedings") (emphasis in original).

The fifth factor also weighs in favor of a partial stay. "The Court has 'an interest in judicial efficiency in terms of managing its caseload,' and ensuring the 'just, speedy and inexpensive' resolution of civil disputes." Montgomery v. City of Paterson, Civ. No. 19-19728, 2022 WL 15449258, at *5 (D.N.J. Oct. 27, 2022) (internal citations omitted). This case is in its early stages; the complaint was originally filed by Plaintiff on May 20, 2022 [ECF No. 1] and was screened by the Court and permitted to proceed in part on November 16, 2022. ECF Nos. 2-3. Defendants have yet to

respond to the complaint [ECF Nos. 10, 17]. Additionally, many defendants have not been served [ECF No. 8] and there has been no scheduling order entered. Because "the criminal case stems from the same set of facts as the civil action, allowing the criminal matter to resolve would streamline the civil proceedings." Terruso-Crespo v. Atl. Cnty. Just. Facility, Civ. No. 21-15288, 2022 WL 263432, at *4 (D.N.J. Jan. 28, 2022) (citing Strategic Env't Partners, LLC v. State of New Jersey Dep't of Env't Prot., Civ. No. 12-3252, 2016 WL 3267285, at *5 (D.N.J. June 8, 2016)). For these reasons, the interests of the Court support granting a partial stay.

Lastly, the Court notes that "the public interest is promoted by allowing a complete, unimpeded criminal investigation." Walker, Civ. No. 15-7073, 2016 WL 1725942, at *3 (quoting Colombo v. Bd. of Educ. for the Clifton Sch. Dist., Civ. No. 11-0785, 2011 WL 5416058, at *6 (D.N.J. Nov. 4, 2011)). "'[T]he public's interest in the integrity of the criminal case is entitled to precedence of the civil litigant.'" Id. (quoting Colombo, Civ. No. 11-785, 2011 WL 5416058, at *6). Therefore, this factor also supports a partial stay of the proceedings.

For these reasons, the Court will partially stay the proceedings pending the outcome of the criminal proceedings against Plaintiff, specifically as it relates to Defendants'

moving, answering, or otherwise responding to the complaint and the Court's issuing of scheduling deadlines.

### **Plaintiff's Motions for Pro Bono Counsel**

Plaintiff filed a motion for pro bono counsel on February 15, 2023, using the standard form courts give to incarcerated plaintiffs applying for pro bono counsel. ECF No. 16. Plaintiff wrote the following in his application:

> Plaintiff is ignorant to the law and his complaint and related documents were prepared by a jailhouse lawyer. Plaintiff[']s allegations will require medical expert testimony based upon Plaintiff[']s alleged injuries. Plaintiff has also been subjected to retaliation from correctional personnel because of his allegations before and after the 42 USC 1983 complaint was filed. Plaintiff's claims are meritorious.

ECF No. 16 at 3.

Plaintiff filed another letter on February 24, 2023, in which he argued that numerous defendants failed to answer his pleadings within thirty days [ECF No. 20 at 1-2] and requested that "this Court . . . have the State of New Jersey, Office of the Attorney general . . . unseal defendant's address . . . so they can be served[.]" Id. at 4. In the same filing, Plaintiff filed another letter requesting pro bono counsel. ECF No. 20-1. Plaintiff explained that he had been receiving help with his case from a "jailhouse lawyer" but that inmate can no longer help Plaintiff because he has been transferred to another facility. Id. at 1-2, 4.

This Court has already found that Plaintiff's complaint contains sufficient merit to withstand immediate dismissal [ECF Nos. 2-3] and thus that Plaintiff's claims have "some merit in fact and law[,]" Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).[5] Plaintiff's motions, however, lack information addressing the conditions and circumstances that warrant the full appointment of counsel and do not sufficiently address the Tabron factors.[6] Nonetheless, the Court has considered the factors and finds that the appointment of counsel for two limited purposes is warranted.

First, pro bono counsel shall be appointed for the limited purpose of advising Plaintiff regarding the partial stay of proceedings pending the outcome of his criminal case. For example,

---

[5] Prior to considering the substance of Plaintiff's request for pro bono counsel, the Court must first determine whether Plaintiff's claims meet this threshold burden. See Tabron, 6 F.3d at 155; Shakur v. N.J. State Prison Med. Dep't, Civ. No. 19-14994, 2022 WL 970225, at *2 (D.N.J. Mar. 31, 2022) (understanding that the plaintiff's claims have "at least some merit" because the claims "have been allowed to proceed"); Cagno v. Ivery, Civ. No. 19-20384, 2021 WL 1788520, at *3 (D.N.J. May 5, 2021) (noting "[the] [p]laintiff's claims, which survived the Court's initial screening, clearly have arguable merit in fact and law").

[6] These factors include (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-57). This list of factors is non-exhaustive, and none of the above factors is individually determinative. Id. at 458.

pro bono counsel shall advise Plaintiff and the Court when the stay should be lifted and when Plaintiff is able to answer discovery requests. The Court finds that the criminal indictment directly impacts "plaintiff's ability to present his . . . case" in this litigation and that "the complexity of [these] legal issues" warrant the appointment of counsel for this limited purpose. Tabron, 6 F.3d at 155-157.

Additionally, having reviewed the USM-285 forms, the Court also notes that service could not be effectuated on several of the named defendants.[7] ECF No. 8. Given Plaintiff's present limitations as an incarcerated inmate and his struggles with service to date, there is little likelihood that Plaintiff will be able to conduct the investigation necessary to attempt to establish the location and or identities of the named defendants and complete revised USM-285 forms to obtain new summonses. Because certain of Plaintiff's claims have survived screening, and in the interest of moving this matter forward, particularly during this partial stay, the Court

---

[7] The Court finds, due to Plaintiff's status as an incarcerated defendant, that good cause exists to extend the time within which Plaintiff shall effect service. See Fed. R. Civ. P. 4(m) (where the plaintiff shows good cause for the failure to timely serve a defendant, "the court must extend the time for service for an appropriate period.")

finds further that this limited appointment of counsel shall also include assisting Plaintiff with the completion of service.[8]

Therefore, **IT IS** on this **11th day** of **July 2023**,

**ORDERED** that this matter shall be partially stayed pending the outcome of the criminal charges filed against Plaintiff or until further order of the Court; and it is further

**ORDERED** that during this partial stay, the Defendants' time to answer, move, or otherwise respond to the complaint is deferred and the entering of scheduling deadlines is deferred; and it is further

**ORDERED** that Defendants shall file a letter within **sixty (60) days** of this Order advising of the status of Plaintiff's criminal case; and it is further

---

[8] The Court has authority to grant pro bono counsel to serve a discrete and limited purpose. See, e.g., Order Granting Extension of Time to Serve and Appointing Pro Bono Counsel to Serve Defs., Callaway v. Davis, Civ. No. 20-1823 (D.N.J. Apr. 28, 2021) (appointing counsel for limited purpose of serving defendants); Nance v. Danley, Civ. No. 17-6409, 2021 WL 2592931, at *4 (D.N.J. June 23, 2021) (appointing counsel for the limited purpose of "determining whether administrative remedies were unavailable to Plaintiff" and to aid in "any potential settlement negotiations"); Cagno, Civ. No. 19-20384, 2021 WL 1788520, at *3 (appointing counsel for the limited purpose of "assisting [p]laintiff in obtaining the required affidavit of merit in support of his medical malpractice claims against [d]efendants"); Bell v. Pleasantville Hous. Auth., Civ. No. 09-4614, 2012 WL 12978443, at *1 (D.N.J. Jan. 18, 2021) (appointing counsel for the limited purpose of defending plaintiff at his deposition).

11

**ORDERED** that Plaintiff shall have an additional **one hundred and twenty (120) days** from the date of this Order to effectuate service on the unserved defendants; and it is further

**ORDERED** that Plaintiff's requests for pro bono counsel [ECF Nos. 16, 20] are **GRANTED in part**. Plaintiff shall be appointed pro bono counsel for the limited purposes of advising Plaintiff regarding the herein ordered partial stay of proceedings, including when to move to lift the stay, and serving the unserved defendants. The representation shall be deemed terminated after the stay is lifted and upon the filing of proof of completion of service upon the unserved defendants or waiver of service under Federal Rule Civil Procedure 4(d) or as otherwise ordered by the Court. At such time, appointed counsel shall submit a letter to the Court requesting withdrawal of counsel's appearance; and it is further

**ORDERED** that the Clerk of the Court shall request an attorney from the Civil Pro Bono Panel. However, while the Court has granted Plaintiff the appointment of counsel for the limited purposes outlined above and is directing that an attorney be selected to represent him for those purposes, the Court cautions Plaintiff that there is no guarantee that an attorney will be willing to accept Plaintiff's case.

s/ Matthew J. Skahill  
MATTHEW J. SKAHILL  
United States Magistrate Judge

cc: Hon. Renée Marie Bumb
    Chief United States District Judge